UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**00-6168**

CASE NO._____

18 USC § 371
18 USC § 1344
18 USC § 1014
18 USC § 1010
18 USC § 2

**CR - FERGUS**

**MAGISTRATE JUDGE**

FILED by _____ D.C.

JUN 2 0 2000

CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARK COHEN,
ERIC SILVERMAN,
BRUCE HOLLANDER,
KENNETH HEYDER,
JEAN LINDOR,
JEAN DUFRALESSI f/k/a JEAN DUFRESNE, and
PAUL SALTZ,

Defendants.

_____/

## INDICTMENT

The Grand Jury Charges.

### COUNT ONE - CONSPIRACY

1.    Beginning in or about December 1996 and continuing to at least September 1999, the exact dates being unknown, in Broward County, in the Southern District of Florida and elsewhere, the defendants,

1



MARK COHEN,
ERIC SILVERMAN,
BRUCE HOLLANDER,
KENNETH HEYDER,
JEAN LINDOR,
JEAN DUFRALESSI f/k/a JEAN DUFRESNE, and
PAUL SALTZ,

and others known and unknown to the Grand Jury did knowingly and willfully combine, conspire, confederate, and agree to commit the following offenses against the United States of America, that is:

(a) bank fraud, in violation of Title 18, United States Code, Section 1344;

(b) making false statements on mortgage applications, in violation of Title 18, United States Code, Section 1014; and

(c) making false statements to HUD, in violation of Title 18, United States Code, Section 1010.

## INTRODUCTION

At all times relevant to this Indictment:

2. The Department of Housing and Urban Development (HUD), through the Federal Housing Administration (FHA), an organization within HUD, is an agency of the United States government whose duties include guaranteeing loans to low income home buyers in order to enable them to buy homes by insuring home mortgage loans underwritten by HUD certified banks and mortgage companies (hereinafter referred to as "lenders"), to qualified buyers for the purchase of single family homes.

3. HUD issued mortgage insurance certificates for each qualifying loan closed by the lenders upon submission to HUD of a case binder containing, among other things, closing documents and documents relating to the creditworthiness of the borrower

2

including, the Uniform Residential Loan Application, verifications of employment, gift donor verification letters, pay stubs, IRS Forms W-2, factual credit reports, and letters of alternate credit.

4. As part of the mortgage qualification process, the borrower would be required to demonstrate an ability to pay approximately 3% of the purchase price for closing costs and a down payment at the closing. If the borrower did not have the funds personally, those funds could be provided to the borrower by certain persons and entities as a gift. However, the seller would not be permitted to provide the funds to the borrower.

5. As part of the mortgage approval process, lenders required a title commitment from the closing agent containing the borrower's name, the lender's name, the amount of the loan, the person vested in title at the time the title commitment was submitted to the lender, the legal description of the property and a list of conditions that must be complied with prior to title insurance being issued.

6. At the closing of the property, the closing agent, acting for the lender, was required to prepare a settlement statement (Form HUD 1) showing the funds paid on behalf of the borrower and due to the seller. The Form HUD 1 also detailed the closing costs, proration, escrow deposits, mortgage amounts and obligations to be satisfied. The closing agent collected funds from or on behalf of the borrower and disbursed them to the seller, after the borrower and seller signed the appropriate legal documents, including the warranty deed, note, mortgage and lender disclosures. Prior to closing and the issuance of the title commitment, the closing agent searched the public records for prior sales history of the property, liens outstanding and the accurate title chain. After closing, the closing

3

agent issued a final title policy to the borrower and lender showing the new owner, legal description, mortgage amount and exceptions to the policy.

7. Professional American Mortgage Institute (PAMI), TAB Mortgage Corporation (TAB), New America Financial, Aegis Mortgage Corporation, Trinity Mortgage, Gold Coast Funding Group, Citrus State Mortgage, R.E.P. Financial, First Bankers Mortgage Services, Resource Bankshares Mortgage Group and Corinthian Mortgage Corporation are corporations that were engaged in the business of mortgage lending.

8. The Bank of New York (Delaware), Texas Commerce Bank, Bank United, First State Bank, PNC Bank, Pacific Southwest Bank and Corinthian Mortgage Corporation, as a wholly owned subsidiary of SOUTHBank, were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation.

9. MARK COHEN was a mortgage loan officer, who did business with R.E.P. Financial, PAMI, TAB, Gold Coast Funding Group and Citrus State Mortgage Company.

10. ERIC SILVERMAN was a real estate investor and president of American Redevelopment Corporation (hereinafter ARC).

11. ARC was a Florida corporation located in Aventura, Florida, in the business of real estate investment.

12. BRUCE HOLLANDER was a licensed attorney and president of Automated Title Services, Inc., who acted as a closing agent and provided title policies on real estate transactions.

13. KENNETH HEYDER was a licensed attorney and president of Security Title and Escrow, Inc., who acted as a closing agent and provided title policies on real estate transactions.

4

14. JEAN LINDOR worked with MARK COHEN and ERIC SILVERMAN and was an employee of ARC.

15. JEAN DUFRALESSI formerly known as JEAN DUFRESNE (hereinafter referred to as JEAN DUFRALESSI) was a licensed real estate agent and owner of Dufralessi Realty located in North Miami, Florida.

16. PAUL SALTZ was a printer who owned and operated Emergency Check Printing Services, Inc., a Florida corporation located in Miami Lakes, Florida.

## OBJECT OF THE CONSPIRACY

17. It was the object of the conspiracy that the defendants knowingly devised and executed a scheme to unlawfully enrich themselves from by submitting and causing to be submitted false documentation to federally insured financial institutions, mortgage companies and HUD in order to induce them to fund and/or insure mortgages exceeding $11 million for at least 113 borrowers who could not otherwise qualify for a loan.

## MANNER AND MEANS

18. It was part of the conspiracy that ERIC SILVERMAN and MARK COHEN incorporated American Redevelopment Corporation (ARC) to act as a real estate development company to purchase single family homes that would immediately be resold or "flipped" at inflated prices to borrowers whom ERIC SILVERMAN, MARK COHEN and others, assisted in qualifying for mortgage loans through false and fictitious means.

19. It was further part of the conspiracy that in order to attract borrowers, ARC would utilize the services of JEAN LINDOR and others as recruiters and place advertisements in local publications. Borrowers would be promised nominal down payments and monthly mortgage payments comparable to their current monthly rental

5

payments. MARK COHEN, JEAN LINDOR and others would interview borrowers as to their financial status in order to determine the price range of houses that they would be offered. MARK COHEN would review the borrowers' financial information to determine what false and fictitious documentation was necessary for the potential borrower to qualify for a FHA insured mortgage loan.

20. JEAN DUFRALESSI, acting as the real estate agent for ARC, would show borrowers homes based on a price range provided to him by MARK COHEN. When the borrower selected a home, JEAN DUFRALESSI would negotiate a purchase/sales contract with the homeowner on behalf of ARC. The price would be inflated an average of $14,000 at the direction of MARK COHEN. The borrower would sign a purchase/sales contract for the home reflecting ARC as the seller.

21. It was a further part of the conspiracy that defendants MARK COHEN, ERIC SILVERMAN, JEAN LINDOR, JEAN DUFRALESSI, PAUL SALTZ and others, would create and cause to be created, materially false and fraudulent documents, including verification of employment forms, letters of alternate credit, letters documenting gifts from borrower's relatives, IRS Forms W-2, Uniform Residential Loan Application forms, and pay stubs which would be placed into the borrower's loan files so the borrower would appear to qualify for a FHA insured mortgage loan.

22. It was a further part of the conspiracy that MARK COHEN would create and cause to be created false businesses, including Levo Import Export Company and International Design Company of Miami, that were identified as employers on borrower loan applications. MARK COHEN also would create, and cause to be created, telephone numbers and voice mail boxes for these false businesses to make them appear legitimate.

6

In addition, JEAN LINDOR would falsely represent himself as management for businesses and would verbally verify employment for borrowers that were not employed at those businesses.

23. It was a further part of the conspiracy that to make good on its promise of a nominal down-payment, but still qualify for the FHA insured loans, ARC would provide the funds for cash gift donations, misrepresenting the funds as gifts from relatives. ERIC SILVERMAN, JEAN LINDOR and other coconspirators would go to various banks and deposit ARC funds into the accounts of borrowers' friends and relatives, and then would have the funds withdrawn in the form of cashiers' checks used to represent gift donations at closing.

24. It was further part of the conspiracy that MARK COHEN and ERIC SILVERMAN would utilize the services of KENNETH HEYDER and BRUCE HOLLANDER as attorneys and closing agents who would provide title commitments that were false and fictitious as to the true owner of record, which would conceal the immediate resale and inflated price of the property from the lenders.

## OVERT ACTS

25. In furtherance of the conspiracy, and to effect its objectives, the following overt acts, among others, were committed by the defendants and coconspirators within the Southern District of Florida and elsewhere.

## GONZALO FLORES TRANSACTION

a. On or about February 22, 1997, KENNETH HEYDER issued a false title commitment for submission to the lender.

7

b.  On or about February 22, 1997, MARK COHEN created and caused to be created a false Verification of Employment form for submission to the lender and HUD.

c.  On or about February 22, 1997, PAUL SALTZ created and caused to be created false earnings statements regarding The Crabhouse Restaurant for submission to the lender and HUD.

d.  On or about March 10, 1997, ERIC SILVERMAN provided approximately $4,300 from the ARC bank account which was used as the gift donation.

e.  On or about March 10, 1997, ERIC SILVERMAN  falsely stated on the HUD 1 Settlement Statement Addendum, which was submitted to HUD, that he did not pay or reimburse the borrower for any part of the cash down payment.

f.  On or about April 4, 1997, MARK COHEN created a false Gift Funds Verification Letter for submission to the lender and HUD.

## EDDY JEROME TRANSACTION

g.  On or about  March 26, 1997, KENNETH HEYDER issued a false title commitment for submission to the lender.

h.  On or about April 8, 1997, MARK COHEN caused to be created false IRS Forms W-2 for submission to the lender and HUD.

i.  On or about April 8, 1997, MARK COHEN created a false Gift Funds Verification Letter for submission to the lender and HUD.

j.  On or about April 8, 1997, PAUL SALTZ created and caused to be created false earnings statements regarding  Comet Auto Sales for submission to the lender and HUD.

8

k. On or about April 8, 1997, ERIC SILVERMAN provided $5,277 from the ARC bank account which was used as the gift donation.

l. On or about April 10, 1997, ERIC SILVERMAN falsely stated on the HUD 1 Settlement Statement Addendum, which was submitted to HUD, that he did not pay or reimburse the borrower for any part of the cash down payment.

## YOHN GRISALES TRANSACTION

m . On or about April 2, 1997, KENNETH HEYDER issued a false title commitment for submission to the lender.

n. On or about April 4, 1997, MARK COHEN caused to be created false letters of alternate credit for submission to the lender and HUD.

o. On or about April 11, 1997, MARK COHEN created or caused to be created a false Verification of Employment form for submission to the lender and HUD.

p. On or about April 11, 1997, MARK COHEN created a false Gift Funds Verification Letter for submission to the lender and HUD.

q. On or about April 11, 1997, PAUL SALTZ created and caused to be created a false payroll stub regarding JAL's Services for submission to the lender and HUD.

r. On or about April 25, 1997, ERIC SILVERMAN provided $4,167.47 from the ARC bank account which was used as the gift donation.

s. On or about April 25, 1997, ERIC SILVERMAN falsely stated on the HUD 1 Settlement Statement Addendum, which was submitted to HUD, that he did not pay or reimburse the borrower for any part of the cash down payment.

9

## STEVE THOMAS TRANSACTION

t. On or about April 4, 1997, MARK COHEN created and caused to be created a false Verification of Employment form for submission to the lender and HUD.

u. On or about April 4, 1997, MARK COHEN created a false Gift Funds Verification Letter for submission to the lender and HUD.

v. On or about April 8, 1997, ERIC SILVERMAN provided $4,000 from the ARC bank account which was used as the gift donation.

w. On or about April 8, 1997, KENNETH HEYDER issued a false title commitment for submission to the lender.

x. On or about April 24, 1997, ERIC SILVERMAN falsely stated on the HUD-1 Settlement Statement Addendum, which was submitted to HUD, that he did not pay or reimburse the borrower for any part of the cash down payment.

## LUZ ORTIZ TRANSACTION

y. On or about May 13, 1997, MARK COHEN caused to be created a false Verification of Employment form regarding International Design Company of Miami for submission to the lender and HUD.

z. On or about May 13, 1997, PAUL SALTZ created and caused to be created a false payroll stub regarding International Design Company of Miami for submission to the lender and HUD.

aa. On or about May 13, 1997, MARK COHEN caused to be created false IRS Forms W-2 for submission to the lender and HUD.

bb. On or about May 13, 1997, ERIC SILVERMAN provided $5,402 for the ARC bank account which was used as the gift donation.

10

cc. On or about May 21, 1997, BRUCE HOLLANDER issued a false title commitment for submission to the lender.

dd. On or about June 6, 1997, ERIC SILVERMAN falsely stated on the HUD-1 Settlement Statement Addendum, which was submitted to HUD, that he did not pay or reimburse the borrower for any part of the cash down payment.

### JEAN DIMANCHE TRANSACTION

ee. On or about June 17, 1997, MARK COHEN created and caused to be created a false Verification of Employment form for submission to the lender and HUD.

ff. On or about June 17, 1997, MARK COHEN created a false Gift Funds Verification Letter for submission to the lender and HUD.

gg. On or about June 17, 1997, PAUL SALTZ created and caused to be created a false payroll stub regarding the Savoy Hotel for submission to the lender and HUD.

hh. On or about June 20, 1997, BRUCE HOLLANDER issued a false title commitment for submission to the lender.

ii. On or about June 26, 1997, ERIC SILVERMAN falsely stated on the HUD-1 Settlement Statement Addendum, which was submitted to HUD, that he did not pay or reimburse the borrower for any part of the cash down payment.

jj. On or about June 27, 1997, JEAN LINDOR deposited $4,036 in ARC funds into his personal bank account and immediately withdrew it in the form of a cashier's check, and used this check to represent a gift from himself to Dimanche.

### RAPHAEL JEAN PIERRE TRANSACTION

kk. On or about April 23, 1998, JEAN LINDOR created a false Verification of Employment form for submission to the lender and HUD.

11

ll. On or about April 23, 1998, PAUL SALTZ created and caused to be created a false earnings statement regarding Home Bargain Furniture for submission to the lender and HUD.

mm. On or about May 7, 1998, ERIC SILVERMAN falsely stated on the HUD-1 Settlement Statement Addendum, which was submitted to HUD, that he did not pay or reimburse the borrower for any part of the cash down payment.

nn. On or about May 12, 1998, ERIC SILVERMAN provided $4,836.62 from the ARC bank account that was used as the gift donation.

## ARICILE SARA TRANSACTION

oo. On or about April 28, 1998, PAUL SALTZ created and caused to be created false payroll stubs regarding C&M Air Conditioning for submission to the lender and HUD.

pp. On or about April 28, 1998, JEAN DUFRALESSI created two false Verification of Employment forms for submission to the lender and HUD.

qq. On or about May 2, 1998, MARK COHEN caused to be created a false Gift Funds Verification Letter for submission to the lender and HUD.

rr. On or about May 21, 1998, ERIC SILVERMAN falsely stated on the HUD-1 Settlement Statement Addendum, which was submitted to HUD, that he did not pay or reimburse the borrower for any part of the cash down payment.

ss. On or about May 22, 1998, ERIC SILVERMAN provided $6,300 from the ARC bank account which was used as the gift donation.

## LUDERS THOMAS TRANSACTION

tt. On or about June 15, 1998, MARK COHEN created and caused to be created a false Gift Funds Verification Letter for submission to the lender and HUD.

12

uu. On or about June 16, 1998, PAUL SALTZ created and caused to be created a false payroll stub regarding C&M Air Conditioning for submission to the lender and HUD.

vv. On or about June 16, 1998, JEAN DUFRALESSI created a false Verification of Employment form for submission to the lender and HUD.

ww. On or about July 2, 1998, ERIC SILVERMAN falsely stated on the HUD-1 Settlement Statement Addendum, which was submitted to HUD, that he did not pay or reimburse the borrower for any part of the cash down payment.

xx. On or about July 6, 1998, ERIC SILVERMAN provided $4,235.73 from the ARC bank account which was used as the gift donation.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-4  BANK FRAUD

26.    The allegations set forth in all prior paragraphs of this Indictment are incorporated herein by reference as though fully set forth herein.

27.    On or about the dates set forth below at Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants as enumerated below, together with others, did knowingly, willfully and with an intent to defraud, devise a scheme and artifice to defraud and to obtain money under the custody and control of federally insured financial institutions by means of false and fraudulent pretenses, representations and promises:

13

| COUNT | DEFENDANTS | FILE | DATE | FINANCIAL INSTITUTION | FALSE INFORMATION |
|-------|------------|------|------|----------------------|-------------------|
| 2 | COHEN, SILVERMAN, SALTZ, LINDOR | Jean Pierre | 5/8/98 | FIRST STATE BANK | False Verification of Employment and payroll stubs |
| 3 | COHEN, SILVERMAN, SALTZ, DUFRALESSI | Sara | 5/21/98 | FIRST STATE BANK | False Verification of Employment, payroll stubs and Gift Funds Verification Letters |
| 4 | COHEN, SILVERMAN, DUFRALESSI, SALTZ | Thomas, L | 7/2/98 | PNC BANK | False Verification of Employment, payroll stubs and Gift Funds Verification Letters |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS 5-7  FALSE LOAN STATEMENTS

28.     The allegations set forth in paragraphs 1 through 25 of this Indictment are incorporated herein by reference as though fully set forth herein.

29.     On or about the dates enumerated below at Broward, Miami-Dade and Palm Beach Counties, in the Southern District of Florida and elsewhere, the defendants enumerated as to each count, did knowingly and willfully make and cause to be made false statements, for the purpose of influencing a financial institution, to wit: Corinthian Mortgage Corporation, a wholly owned subsidiary of SOUTHBank, whose deposits were insured by the Federal Deposit Insurance Corporation, in connection with the submission of mortgage applications, by submitting false and fraudulent information as more particularly described below:

14

| COUNT | DEFENDANTS | FILE | DATE | FALSE STATEMENTS |
|-------|------------|------|------|------------------|
| 5 | COHEN, SILVERMAN, HEYDER, SALTZ | Jerome | 4/10/97 | False Verifications of Employment and payroll stubs as to Comet Auto Sales<br>False Title Commitment<br>False Gift Funds Verification Letter |
| 6 | COHEN, SILVERMAN, HEYDER, SALTZ | Grisales | 4/24/97 | False Verifications of Employment and payroll stubs as to JAL Services |
| 7 | COHEN, SILVERMAN, HOLLANDER, SALTZ | Betye | 5/21/97 | False Verifications of Employment and payroll stubs as to Levo Import<br>False Title Commitment<br>False Gift Funds Verification Letter |

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNTS 8-11   FALSE STATEMENTS TO HUD

30.    The allegations set forth in paragraphs 1 through 25 of this Indictment are incorporated herein by reference as though fully set forth herein.

31.    On or about the dates enumerated below, at Broward and Miami-Dade Counties, in the Southern District of Florida and elsewhere, the defendants enumerated below, for the purpose of obtaining loans from the institutions enumerated below and for the purpose of influencing the actions of HUD, and with the intent that such loans shall be offered to, and accepted by HUD for insurance, knowingly, intentionally and willfully (i) made, passed uttered and published statements, as described below knowing the same to be materially false;(ii) altered forged and counterfeited and uttered, published and passed as true, papers and documents, as described below knowing them to have been altered, forged, and counterfeited; and (iii) willfully overvalued security, assets and income, for the following mortgage transactions:

15

| COUNT | DEFENDANTS | FILE | DATE | FALSE DOCUMENTS |
|-------|-----------|------|------|-----------------|
| 8 | COHEN, SILVERMAN, HEYDER, SALTZ | Flores | 3/10/97 | Verification of Employment Forms, Gift Fund Verification Letter, Payroll stubs, HUD-1 Settlement Statement Addendum |
| 9 | COHEN, SILVERMAN, HEYDER | Thomas,S | 4/24/97 | Verification of Employment Forms, Gift Fund Verification Letter, Payroll stubs, HUD-1 Settlement Statement Addendum |
| 10 | COHEN, SILVERMAN, HOLLANDER, LINDOR, SALTZ | Ortiz | 6/6/97 | Verification of Employment Forms, Gift Fund Verification Letter, Payroll stubs, HUD-1 Settlement Statement Addendum |
| 11 | COHEN, SILVERMAN, HOLLANDER, LINDOR, SALTZ | Dimanche | 6/26/97 | Verification of Employment Forms, Gift Fund Verification Letter, Payroll stubs, HUD-1 Settlement Statement Addendum |

All in violation of Title 18, United States Code, Sections 1010 and 2.

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

**CASE NO.** _____

v.

MARK COHEN, et al _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

___ Miami ____ Key West
x___ FTL ____ WPB ___ FTP

New Defendant(s)         Yes ____    No ____
Number of New Defendants    ____
Total number of counts      ____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:        (Yes or No) NO _____
    List language and/or dialect _____

4.  This case will take __10__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                              (Check only one)

    I      0  to  5 days                          Petty       _____
    II     6  to 10 days        X____             Minor       _____
    III    11 to 20 days        _____            Misdem.     _____
    IV     21 to 60 days        _____            Felony      X____
    V      61 days and over     _____

6.  Has this case been previously filed in this District Court? (Yes or No) NO
    If yes:
    Judge: _____    Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter?(Yes or No) NO _____
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers:_____
    Defendant(s) in federal custody as of_____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____    District of _____

    Is this a potential death penalty case? (Yes or No) ___ NO _____

7.  Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999? _X_ Yes ___ No    If yes, was it pending in the Central Region? _X_ Yes ___ No

                    LYNN D. ROSENTHAL
                    ASSISTANT UNITED STATES ATTORNEY
                    Florida Bar No. 343226

*Penalty Sheet(s) attached                                    REV.4/7/99

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  _MARK COHEN_____    No.:_____

**Count #:1**
Conspiracy to Commit Bank Fraud, False Loan Statements, and False Statements to Hud

Title 18, United States Code, Section 371

*Max. Penalty: 5 Years' Imprisonment; and a $250,000, fine

**Count #: 2 - 4**
Bank Fraud

Title 18, United States Code, Sections 1344 and 2

*Max. Penalty: 30 Years' Imprisonment; and a $1,000,000 fine

**Count #: 5-7**
False Loan Statements

Title 18, United States Code, Sections 1014 and 2

*Max. Penalty: 30 Years' Imprisonment; and a $1,000,000 fine

**Count #: 8-11**
False Statements to HUD

Title 18, United States Code, Section 1010

*Max. Penalty: 2 Years' Imprisonment; and a $250,000 fine

**Count #:**

*Max. Penalty:

**Count #:**

*Max. Penalty:

1 of 1
**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

REV  12/12/96

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  ERIC SILVERMAN                         No.

**Count #:1**
Conspiracy to Commit Bank Fraud, False Loan Statements, and False Statements to Hud

Title 18, United States Code, Section 371

*Max. Penalty: 5 Years' Imprisonment; and a $250,000, fine

**Count #: 2 - 4**
Bank Fraud

Title 18, United States Code, Sections 1344 and 2

*Max. Penalty: 30 Years' Imprisonment; and a $1,000,000 fine

**Count #: 5-7**
False Loan Statements

Title 18, United States Code, Sections 1014 and 2

*Max. Penalty: 30 Years' Imprisonment; and a $1,000,000 fine

**Count #: 8-11**
False Statements to HUD

Title 18, United States Code, Section 1010

*Max. Penalty: 2 Years' Imprisonment; and a $250,000 fine

**Count #:**



*Max. Penalty:

**Count #:**



*Max. Penalty:

1 of 1

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   BRUCE HOLLANDER _____    No : _____

**Count #:1**
Conspiracy to Commit Bank Fraud, False Loan Statements, and False Statements to Hud

Title 18, United States Code, Section 371 _____

*Max. Penalty: 5 Years' Imprisonment, and a $250,000, fine _____

**Count #: 7**
False Loan Statements

Title 18, United States Code, Sections 1014 and 2 _____

*Max. Penalty: 30 Years' Imprisonment; and a $1,000,000 fine _____

**Count #: 10-11**
False Statements to HUD _____

Title 18, United States Code, Sections 1010 _____

*Max. Penalty: 2 Years' Imprisonment: and a $250,000 fine _____

**Count #:**



**Count #:**



*Max. Penalty: _____

**Count #:**



*Max. Penalty: _____

1 of 1

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  KENNETH HEYDER _____    No. _____

**Count #:1**
Conspiracy to Commit Bank Fraud, False Loan Statements, and False Statements to Hud

Title 18, United States Code, Section 371 _____

*Max. Penalty: 5 Years' Imprisonment; and a $250.000. fine _____

**Count #: 5-6**
False Loan Statements _____

Title 18  United States Code  Sections 1014 and 2 _____

*Max. Penalty: 30 Years' Imprisonment; and a $1,000,000 fine _____

**Count #: 8-9**
False Statements to HUD _____

Title 18, United States Code, Section 1010 _____

*Max. Penalty: 2 Years' Imprisonment; and a $250,000 fine _____

**Count #:**
_____

_____

*Max. Penalty: _____

**Count #:**
_____

_____

*Max. Penalty: _____

1 of 1

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name:   JEAN LINDOR _____ No.: _____

**Count #:1**
Conspiracy to Commit Bank Fraud, False Loan Statements, and False Statements to Hud

Title 18, United States Code, Section 371

*Max. Penalty: 5 Years' Imprisonment; and a $250,000, fine

**Count #: 2**
Bank Fraud

Title 18. United States Code. Sections 1344 and 2

*Max. Penalty: 30 Years' Imprisonment; and a $1,000,000 fine

**Count #: 10-11**
False Statements to HUD

Title 18, United States Code, Section 1010

*Max. Penalty: 2 Years' Imprisonment; and a $250.000 fine

**Count #:**



*Max. Penalty:

**Count #:**



*Max. Penalty:

1 of 1

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV 12/12/96

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  JEAN DUFRALESSI _____ No.:  _____
                   f/k/a JEAN DUFRESNE

**Count #:1**

Conspiracy to Commit Bank Fraud, False Loan Statements, and False Statements to Hud

Title 18, United States Code, Section 371

*Max. Penalty: 5 Years' Imprisonment; and a $250.000, fine

**Count #: 3 - 4**
Bank Fraud

Title 18, United States Code. Sections 1344 and 2

*Max. Penalty: 30 Years' Imprisonment; and a $1,000,000 fine

**Count #:**



*Max. Penalty:

**Count #**:



*Max. Penalty:

**Count #:**



*Max. Penalty:

**Count #**:



*Max. Penalty:

1 of 1

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV 12/12/96

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  PAUL SALTZ _____ No.: _____

**Count #:1**
Conspiracy to Commit Bank Fraud, False Loan Statements, and False Statements to Hud

Title 18, United States Code, Section 371

*Max. Penalty: 5 Years' Imprisonment; and a $250,000, fine

**Count #: 2 - 4**
Bank Fraud

Title 18, United States Code, Sections 1344 and 2

*Max. Penalty: 30 Years' Imprisonment; and a $1,000,000 fine

**Count #: 5-7**
False Loan Statements

Title 18, United States Code, Sections 1014 and 2

*Max. Penalty: 30 Years' Imprisonment; and a $1,000,000 fine

**Count #: 8,10,11**
False Statements to HUD

Title 18, United States Code, Section 1010

*Max. Penalty: 2 Years' Imprisonment; and a $250,000 fine

**Count #:**


*Max. Penalty:

**Count #:**


*Max. Penalty:

1 of 1

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV 12/12/96