UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CRIMINAL DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ERIC SILVERMAN,

Defendants.

_____/

CASE NO. 00-6168-CR
FERGUSON

## DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

**Defendant, ERIC SILVERMAN,** by and through undersigned counsel,

respectfully moves this Honorable Court for downward departure, and in

support thereof would show:

I. SUBSTANTIAL ASSISTANCE:

1.    In accordance with Section 5K1.1, the Defendant has provided

substantial assistance to the Government.  The Defendant has logged over

seventy (70) hours of work with the agents, sorting through thousands of

documents, many of which the Defendant provided, indexed and explained,

demonstrating the conspiratorial action of over fifteen (15) defendants.

2.    The Defendant began substantial assistance during the

administrative phase of this investigation and continued that assistance with

HUD Investigator Ruth Valdez and FBI Agent Christopher Carbonneau. The
Defendant met with Assistant U.S. Attorney Lynn Rosenthal, and spoke with
them on many occasions.

3.    The Defendant's level of cooperation is far beyond anything
counsel has seen before in counsel's legal career beginning in 1983 as a
Broward County prosecutor, which followed counsel's employment as a
police officer since the late 1970's.

4.    The Court must take into account the significance and
usefulness of the Defendant's assistance, which, in this case, led to the
indictment of many of the co-defendants, the majority of which have already
pled guilty. The Court is to look to the truthfulness, completeness and
reliability of the information, which has been exemplary.

5.    The nature and extent of the Defendant's assistance goes far
beyond what is typically seen. Meetings were held on many different dates,
going over thousands of pages of documents. The Defendant was wired
and engaged in covert operations to solicit information from co-defendants,
including attorneys who were charged as co-conspirators in this case. The
Defendant provided documents to the Government, along with summaries
to help the agents and the Assistant United States Attorney fully understand
all aspects of the case, simplifying the prosecutorial process.

6.    The Defendant placed himself in significant risk of harm. Just
weeks after his assistance began, written threats were received from co-
defendant, Mark Cohen, which were turned over to the agents immediately.
Defendant Silverman and his family were threatened as a result of his
decision to assist the Government.

7.    The timeliness of the Defendant's assistance was immediate
and has continued to the present date. Just recently, the Defendant has
been asked to cooperate in a State Public Corruption investigation that has
arisen as a result of these charges. He has agreed to do that. A meeting is
scheduled next Wednesday with the prosecutor in Broward County.
Additional charges are anticipated to be brought as a result of Silverman's
cooperation.

8.    The Defendant has offered his continued cooperation to testify in
these proceedings and remains available to consult with the agents and
United States Attorney for pre-trial preparation.

9.    The Defendant has done everything conceivable to prove to this
Court that he recognized his mistakes and has turned his life around.

## II.  TOTALITY OF CIRCUMSTANCES:

10.    The mitigating factors support a significant departure from the
guidelines for the Defendant, who is a first-time offender. The Defendant

accepted responsibility, provided substantial assistance, was originally solicited into the scheme by another at a point in time when he was young and inexperienced. He has previously participated in many community activities, including volunteer work for organizations. He has demonstrated post-arrest cooperation, remorse and rehabilitation.

11.    The Defendant is susceptible to significant physical abuse in prison because of the extent and scope of his cooperation. The Defendant has never been faced with the threat of incarceration and is extremely susceptible to great harm during any sentence of imprisonment.

POST REHABILITATIVE EFFORTS:

12.    Numerous letters have been provided to the Court that demonstrate that the Defendant is remorseful, embarrassed and has learned a lesson. The Defendant's post arrest behavior has been exemplary. The Defendant has secured a different type employment.

13.    The Defendant's substantial assistance, coupled with his rehabilitative efforts, strongly suggest a probationary sentence as the proper sentencing alternative.

ABERRANT BEHAVIOR:

14.    The Court has discretionary departure power for behavior that is found to be aberrant. The information provided to this Court regarding the

Defendant's background and past behavior, which include letters from family, friends, and community leaders, all of whom express shock and dismay over the Defendant's involvement in this crime. No one ever expected Silverman to commit any type of crime. The Defendant was a law-abiding young man, who had never been in trouble before. He was highly involved with athletics, continuing in graduate school, established a strong marital relationship, and appeared to be heading down the right path in life.

15.    The Court should find that this behavior was aberrant behavior that is not likely to repeat itself. The Court has the right to exercise its discretion and depart downwardly from the guidelines as a result of aberrant behavior. Aberrant behavior does not require a single episode, rather it can be a number of events during a cumulative episode, wherein it could be said that it is not likely to occur again, such as the case before the Court. Please refer to *U.S. v. Griffiths*, 954 F.Supp. 738 (U.S.D.C. Vermont 1997), and *U.S. v. Martinez Valegas*, 993 F.Supp. 766 (U.S.D.C. C.D. California 1998).

**WHEREFORE, Defendant, ERIC SILVERMAN,** respectfully moves this Honorable Court for a downward departure at sentencing.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was

faxed and hand delivered this _16_ day of November, 2000, to JEFFREY

KAPLAN, ASSISTANT U.S. ATTORNEY, U.S. Attorney's Office, 299 East

Broward Boulevard, Fort Lauderdale, Florida 33301 (954-356-7336); and

ORLANDO BURGOS, Probation Officer, 300 Northeast 1st Avenue, Suite

315, Miami, Florida 33132 (305-523-5496.

> TED CRESPI, P.A.
> Attorney for Defendant
> Prudential Plaza, Suite 218
> 1776 North Pine Island Road
> Plantation, Florida 33322
> Telephone: (954) 475-7111
> Facsimile:  (954) 475-7211
>
> BY:_____
>     TED CRESPI, ESQUIRE
>     Florida Bar No. 437689